IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ATLANTIC STATES INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | Civil Action File No.:    7:19-cv-00105 |
| TY TY PLANT NURSERY, LLC, and FAST GROWING TREES, LLC, | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Atlantic States Insurance Company ("ASIC") and hereby files this Complaint for Declaratory Judgment, showing the Court as follows:

## PARTIES

1.

ASIC is an insurance company incorporated in Pennsylvania with its principal place of business located at 1195 River Road, P.O. Box 302, Marietta, Pennsylvania and is therefore a resident and citizen of Pennsylvania.

2.

Defendant Ty Ty Plant Nursery, LLC ("Ty Ty") is a Georgia corporation with its principal place of business located at 4723 US Hwy 82 W, Ty Ty, Tift County, Georgia 31795. Defendant Ty Ty is thus a resident and citizen of the State of Georgia

and may be served at its registered office located at 300 Colonial Center Parkway, Suite 100N, Roswell, Georgia 30076.

3.

Upon information and belief, Ryan Phillips is Defendant Ty Ty's sole member and manager. Mr. Phillips is a resident of Tift County, Georgia and a citizen of the State of Georgia.

4.

Defendant Fast Growing Trees, LLC ("FGT") is a Delaware corporation with its principal place of business located at 2621 Old Nation Road, Fort Mill, South Carolina 29715. FGT is thus a resident and citizen of Delaware and South Carolina and may be served at its registered office located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

5.

Upon information and belief, the directors, officers, and/or members of Defendant FGT are residents and citizens of South Carolina and/or are not residents or citizens of Pennsylvania.

## STATEMENT OF JURISDICTION AND VENUE

6.

There is a real, substantial and justiciable controversy between the parties concerning their respective rights and obligations to an insurance policy issued by

ASIC to Defendant Ty Ty.

7.

ASIC is a resident and citizen of Pennsylvania. Defendant Ty Ty is a resident and citizen of Georgia, and Defendant FGT is a resident and citizen of South Carolina and Delaware. Therefore, complete diversity of citizenship exists between Plaintiff and Defendants.

8.

Defendant FGT filed suit against Defendant Ty Ty in United States District Court for the District of South Carolina. The action is styled *Fast Growing Trees, LLC v. Ty Ty Plant Nursery, LLC, Civil Action No. 19-cv-00464-MGL* (the "Underlying Action"). A true, accurate, and filed-stamped copy of the Complaint filed in the Underlying Action is attached hereto as **Exhibit A** (the "Underlying Complaint").

9.

The Underlying Complaint alleges four counts against Defendant Ty Ty: (1) Trademark Infringement under 15 U.S.C. § 1114; (2) False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125; (3) Violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10; and (4) Unfair Competition under Common Law.

10.

Penalties for a violation of the Lanham Act (15 U.S.C. §§ 1114 and 1125) include the defendant's profits, any damages sustained by the plaintiff, and the cost of the action. 15 U.S.C. § 1117. In addition, in a case involving a violation of 15 U.S.C. § 1125, the court may award a statutory penalty of up to $100,000. 15 U.S.C. § 1117(d). Finally, the court may also award treble damages for any violation of 15 U.S.C. § 1114(1)(a). 15 U.S.C. § 1117(b).

11.

Penalties for a violation of the South Carolina Unfair Trade Practices Act are three times plaintiff's actual damages and a court may provide such other relief as it deems necessary and proper. S.C. Code Ann. § 39-5-140.

12.

In the Underlying Complaint, Defendant FGT prays for "all damages sustained by FGT, Defendant [] [Ty Ty's] profits, FGT's attorneys' fees and costs, and . . . three times the amount [of damages awarded to FGT]." (Ex. A, p. 10). Defendant FGT also alleges that it averages $8,333,333.33 in sales per year for products bearing or advertised under the trademark at issue. (Ex. A, pp. 3, 10).

13.

Based on the allegations in the Underlying Complaint, the amount in controversy far exceeds this Court's jurisdictional limit of $75,000.00, inasmuch as

Defendant FGT is seeking to recover statutory damages in accordance with the Lanham Act (15 U.S.C. §§ 1114, 1125) and South Carolina's Unfair Business Practices Act (S.C. Ann. § 39-5-10) and this action seeks a judicial declaration in regard to ASIC's coverage obligations for those claims.

14.

Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

15.

This Court has personal jurisdiction over Defendant FGT pursuant to Georgia's Long Arm Statute, O.C.G.A. § 9-10-91, because Defendant FGT transacts business within Georgia and the instant lawsuit is related to FGT's business activity in this State.

16.

Defendant FGT is an online retailer that advertises various plant products for sale to Georgia residents by and through its website, http://www.fast-growing-trees.com/collections/Georgia. *See Trees & Shrubs for Georgia*, FAST GROWING TREES, http://www.fast-growing-trees.com/collections/Georgia, a true and accurate screen capture of which is attached hereto as **Exhibit B**.

17.

FGT specifically markets to Georgia residents by offering tree varieties that are designed for planting and growing in Georgia, including "Evergreen Trees for Privacy for Georgia," "Fruit Trees for Georgia," "Flowering Trees for Georgia," "Shade Trees for Georgia," "Shrubs & Hedge Plants for Georgia," and "Plants perfect for Georgia." Ex. B, pp. 1-7.

18.

Defendant FGT routinely sells and ships products to residents in Georgia. *Product Reviews*, FAST GROWING TREES, http://www.fast-growing-trees.com/pages/product-reviews, a true and accurate screen capture of which is attached hereto as **Exhibit C**; *Frequently Asked Questions*, FAST GROWING TREES, http://www.fast-growing-trees.com/pages/frequently-asked-questions, a true and accurate screen capture of which is attached hereto as **Exhibit D**.

19.

Through the above-described conduct in Paragraphs 17, 18, and 19 of the Complaint, Defendant FGT has purposefully availed itself of the privileges of conducting business in the State of Georgia and in this District. While engaging in this conduct, it was reasonably foreseeable that Defendant FGT would be subjected to this Court's jurisdiction. *Power Guardian, LLC v. Directional Energy Corp.*, 904 F. Supp.2d 1313, 1320-25 (M.D. Ga. 2012); *Burger King Corp. v. Rudzewicz*, 471

U.S. 462, 471–72 (1985).

20.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this action occurred within this district and/or the defendants are subject to personal jurisdiction here.

## FACTS

### *The Insurance Policy*

21.

Atlantic States Insurance Company issued Policy No. CPA9009211 00 to "Ty Ty Plant Nursery LLC" for the policy period August 1, 2018 through August 1, 2019 (hereinafter the "Policy"). The Policy was delivered to Defendant Ty Ty at 4723 US Highway 82 West, Ty Ty, Georgia 31795.

22.

A true and correct copy of the Policy, with premium information redacted, is attached hereto as **Exhibit E** and incorporated herein by reference.

23.

Georgia law must be applied in the interpretation of the Policy, which is an insurance contract issued to a Georgia insured at the insured's address in Georgia. *Federal Ins. Co. v. National Distributing Co., Inc.*, 203 Ga. App. 763 (1992); *Brown v. Nichols*, 8 F.3d 770 (11th Cir. 1993).

***The Underlying Action***

24.

On February 18, 2019, Defendant FGT filed the Underlying Action against Defendant Ty Ty in the United States District Court for the District of South Carolina. (Ex. A).

25.

The Underlying Complaint alleges that Defendant Ty Ty has infringed, and continues to infringe, on Defendant FGT's trademarks by using the same mark on Defendant Ty Ty's website in connection with Defendant Ty Ty's advertising, in violation of 15 U.S.C. §§ 1114, 1125, S.C. Code Ann. § 39-5-10, and the common law doctrine of unfair competition.

26.

The Underlying Complaint alleges that in or around December 2018, Defendant FGT demanded that Defendant Ty Ty cease use of Defendant FGT's trademarks. Defendant Ty Ty allegedly responded to Defendant FGT on February 5, 2019, informing it that the trademark concerns had been addressed.

27.

The Underlying Complaint alleges that Defendant Ty Ty willfully, deliberately, and intentionally engaged in unfair trade practices by continuing to use trademarks after it had been placed on notice by Defendant Fast Growing Trees.

28.

On March 5, 2019, ASIC issued a Reservation of Rights to Ty Ty Plant Nursery LLC and is currently defending Ty Ty in the Underlying Action pursuant to the Reservation of Rights.

29.

A true and correct copy of the Reservation of Rights sent to Ty Ty Plant Nursery LLC is attached hereto as **Exhibit F**.

## COUNT I: THE UNDERLYING COMPLAINT DOES NOT ALLEGE "PERSONAL OR ADVERTISING INJURY"

30.

ASIC incorporates and re-alleges by reference Paragraphs 1 through 29 of the Complaint.

31.

The Policy contains Commercial General Liability Coverage Form, *CG 00 01 12 04* which provides as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
**. . .**
**SECTION I – COVERAGES**
**. . .**
**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.  Insuring Agreement**

a.     We will pay those sums that an insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. . . .

b.     This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

(Ex. E, p. 116).

32.

In order for coverage to apply, the Underlying Complaint must seek damages because of "personal and advertising injury" to which the coverage applies.

33.

The Policy defines "personal and advertising injury" as follows:

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a.  False arrest, detention or imprisonment;

    b.  Malicious prosecution;

    c.  The wrongful eviction from, wrongful entry onto, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord, or lessor;

    d.  Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e.  Oral or written publication, in any manner, of material that violates a person's right of privacy;

    f.  The use of another's advertising idea in your "advertisement"; or

    g.  Infringing upon another's copyright, trade dress or slogan in your "advertisement".

(Ex. E, p. 123).

34.

The Underlying Complaint does not allege a "personal and advertising injury" as defined above.

35.

Specifically, Ty Ty's alleged trademark infringement does not constitute "use of another's advertising idea" under (f). *Allstate Ins. Co. v. Airport Mini Mall, LLC*, 265 F. Supp. 3d 1356, 1372 (N.D. Ga. 2017).

36.

Ty Ty's alleged trademark infringement does not constitute infringement of another's "copyright, trade dress or slogan" under (g). *Id.*

37.

Accordingly, the Underlying Complaint does not allege a covered "personal and advertising injury" so as to trigger coverage under Coverage B – Personal and Advertising Injury Coverage of the Policy.

## COUNT II: THE INFRINGMENT OF COPYRIGHT, PATENT, TRADEMARK OR TRADE SECRET EXCLUSION ELIMINATES COVERAGE.

### 38.

ASIC incorporates and re-alleges by reference Paragraphs 1 through 37 of the Complaint.

### 39.

The Policy contains the following exclusion:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**. . .**

**2. Exclusions**

This insurance does not apply to: . . .

**i. Infringement of Copyright, Patent, Trademark or Trade Secret**

 "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

(Ex. E, p. 116).

### 40.

The Underlying Complaint is based on allegations that Defendant Ty Ty infringed on a number of trademarks allegedly owned by Defendant FGT.

Case 7:19-cv-00105-HL   Document 3   Filed 07/19/19   Page 13 of 19

41.

All claims in the Underlying Complaint arise out of Defendant Ty Ty's alleged infringement upon Defendant FGT's trademarks. (Ex. A).

42.

Accordingly, the Infringement of Copyright, Patent, Trademark or Trade Secret Exclusion eliminates coverage for all claims in the Underlying Complaint.

## COUNT III: THE KNOWING VIOLATION OF RIGHTS OF ANOTHER EXCLUSION ELIMINATES COVERAGE.

43.

ASIC incorporates and re-alleges by reference Paragraphs 1 through 42.

44.

The Policy contains the following exclusion:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

. . .

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation of Rights of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

(Ex. E, p. 116).

45.

The Underlying Complaint alleges that in or around December 2018 Defendant FGT demanded that Defendant Ty Ty cease use of Defendant FGT's trademarks. Defendant Ty Ty allegedly responded to Defendant FGT on February 5, 2019, informing it that the trademark concerns had been addressed.

46.

The Underlying Complaint alleges that Defendant Ty Ty willfully, deliberately, and intentionally engaged in unfair trade practices by continuing to use trademarks after it had been placed on notice by Defendant FGT.

47.

Because the Underlying Complaint alleges that Defendant Ty Ty continued to violate Defendant FGT's trademark after it received notice and that Defendant Ty Ty's violations were willful, deliberate, and intentional, the Knowing Violation of Rights of Another Exclusion applies.

48.

Accordingly, the Knowing Violation of Rights of Another Exclusion eliminates coverage for the claims asserted in the Underlying Complaint.

## COUNT IV: THE MATERIAL PUBLISHED PRIOR TO THE POLICY PERIOD ELIMINATES COVERAGE

49.

ASIC incorporates and re-alleges by reference Paragraphs 1 through 48.

50.

The Policy contains the following exclusion:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**. . .**

**2. Exclusions**

This insurance does not apply to: . . .

**c. Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

(Ex. E, p. 116).

51.

The Policy was issued for the policy period August 1, 2018 through August 1, 2019.

52.

The Underlying Complaint alleges that Defendant FGT first learned of Ty Ty's alleged infringing use in December 2018.

53.

To the extent Ty Ty's alleged infringement occurred before the Policy incepted on August 1, 2018, coverage is barred by this exclusion.

## COUNT V: THE UNAUTHORIZED USE OF ANOTHER'S NAME OR PRODUCT EXCLUSION ELIMINATES COVERAGE.

### 54.

ASIC incorporates and re-alleges by reference Paragraphs 1 through 53.

### 55.

The Policy contains the following exclusion:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**. . .**

**2. Exclusions**

This insurance does not apply to: . . .

**l. Unauthorized Use Of Another's Name Or Product**

"Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

(Ex. E, p. 117).

### 56.

The Underlying Complaint alleges that Defendant Ty Ty used Defendant FGT's trademark, which is the same as its name, on Defendant Ty Ty's website and domain name.

### 57.

Ty Ty's domain "<https://www.tytyga.com/Fast-Growing-Trees-s/2171.htm>" is a metatag. This metatag contains Defendant FGT's alleged trademark, "Fast-Growing-Trees".

58.

Accordingly, the Unauthorized Use of Another's Name or Product Exclusion applies and the claims asserted in the Underlying Complaint are excluded from coverage.

## COUNT VI: THERE IS NO COVERAGE FOR FGT'S CLAIM OF INJUNCTIVE RELIEF

59.

ASIC incorporates and re-alleges by reference Paragraphs 1 through 58.

60.

The Policy only provides coverage for "suits" which seek **damages** because of "personal and advertising injury." (Ex. E, p. 116).

61.

FGT's request for injunctive relief does not seek damages but rather equitable relief.

62.

Therefore, ACIS has no duty to defend or indemnify Defendant Ty Ty against FGT's claim for injunctive relief.

## COUNT VII: REQUEST FOR DECLARATORY RELIEF

63.

ASIC is in a position of uncertainty as to its rights, obligation, and duties under the Policy issued to Ty Ty and seeks a declaration from this Court as to how to

proceed and requests that this Court declare that there is no coverage for the claims asserted in the Underlying Complaint under the terms of the Policy and/or Georgia law.

WHEREFORE, for the reasons set forth above, Plaintiff ASIC respectfully requests that this Honorable Court declare and enter judgment as follows:

a.   That the Court declare that there is no coverage under the Policy for the claims made against Defendant Ty Ty in the Underlying Complaint;

b.   That the Court declare ASIC has no duty to defend Defendant Ty Ty for the claims made against it in the Underlying Complaint;

c.   That the Court declare ASIC has no duty to indemnify Defendant Ty Ty for the claims made against it in the Underlying Complaint;

d.   That costs be taxed against Defendants and in favor of Plaintiff;

e.   That the Court award such further relief as may be deemed appropriate; and

f.   Plaintiff ASIC demands a trial by jury.

This 19th day of July, 2019.

**[SIGNATURE ON FOLLOWING PAGE]**

Goodman McGuffey LLP
Attorneys for Atlantic States Insurance Company

By:  _/s/ TYLER BRYANT WALKER_
TYLER BRYANT WALKER
GA State Bar No.  250477
tyler.walker@GM-LLP.com
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax